UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDITH A. LOVELL,

               Plaintiff,        1:17-cv-00108-MAT
                                      **DECISION AND ORDER**
                  -v-

ANDREW SAUL,[1]
Commissioner of Social Security,

               Defendant.
_____

## INTRODUCTION

Judith A. Lovell ("Plaintiff"), represented by counsel, brings this action under Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying her application for Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Docket Nos. 13, 18, 19. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted, and Defendant's motion is denied. The final decision of the Commissioner is reversed, and the case is remanded solely for the calculation and payment of benefits.

## PROCEDURAL BACKGROUND

On July 2, 2013, Plaintiff protectively filed an application for SSI, alleging disability as of February 1, 2012, due to the following

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration (SSA). Accordingly, the case caption has been amended to name Mr. Saul as the defendant.

impairments: neck injury and two neck surgeries (fusions); back injury; an inability to turn her head; inability to lift anything without pain; right hand numbness; back surgery; inability to sit or stand for "too long"; inability to bend over; high blood pressure; and diabetes. Administrative Transcript ("T.") 19, 79-81. The claims were initially denied on November 4, 2013. T. 19, 91-93. At Plaintiff's request, a hearing was conducted on December 1, 2015, in Buffalo, New York, by administrative law judge ("ALJ") Robert T. Harvey, with Plaintiff appearing with her attorney. T. 19, 54-78. A vocational expert also testified. *Id*. The ALJ issued an unfavorable decision on February 11, 2016. T. 16-29. Plaintiff appealed the decision to the Appeals Council, which denied her request for review on December 6, 2016, making the ALJ's decision the final determination of the Commissioner. T. 1-4. This action followed.

## **THE ALJ'S DECISION**

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 416.920(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 2, 2013, the application date. T. 21.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: discogenic disc disease, and lumbar spine and lumbar radiculopathy. *Id*. The ALJ also determined that Plaintiff's medically determinable impairments of diabetes mellitus, hypertension, gastroesophageal reflux disorder, and obesity did not cause significant work-related functional limitations and thus were non-severe. *Id*.

At step three, the ALJ found that Plaintiff's impairments did not singularly or in combination meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 22. The ALJ specifically considered Listing 1.04 (Disorders of the spine). *Id.*

Before proceeding to step four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b), in that she can: "lift and/or carry up to 10 pounds frequently and up to 20 pounds on occasion, push and/or pull up to 10 pounds frequently, sit for up to six hours in an eight-hour workday, and stand and/or walk for up to six hours in an eight-hour workday. [Plaintiff] has occasional limitations in bending, climbing, stooping, squatting, kneeling, balancing, and crawling. She cannot climb ropes, ladders, or scaffolds. She has occasional limitations in pushing/pulling with the upper extremities. In addition, [Plaintiff] cannot work in areas where she would be exposed to cold." *Id.*

At step four, the ALJ concluded that Plaintiff had no past relevant work. T. 27.

At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of cleaner/housekeeper, assembler, production, and mail clerk. T. 27-28. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. T. 28-29.

**SCOPE OF REVIEW**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted because (1) she has submitted new and material evidence, and (2) the ALJ erred in assessing her credibility. *See* Docket No. 13-1 at 1, 16-29. Accordingly, the final decision of the Commissioner is reversed, and the case is remanded solely for the calculation and payment of benefits.

## I. **New and Material Evidence**

Plaintiff's argument relating to new and material evidence is two-fold. First, Plaintiff contends that the Appeals Council erred when it "perfunctorily rejected the March 4, 2016 MRI report and the June 2, 2016 report of consulting neurosurgeon Dr. DenHaese," because these materials post-dated the ALJ's written determination. *See* Docket No. 13-1 at 18. Second, Plaintiff contends that new evidence submitted to the Court at Docket No. 13-2, which includes a subsequent determination by the SSA that Plaintiff became disabled on December 14, 2016, provides a basis for remand. Docket No. 13-1 at 20; *see also* Docket No. 13-2. Defendant responds that the records submitted by Plaintiff pertain to her condition after the ALJ's February 2016 decision, and therefore should not be considered. *See* Docket No. 18-1.

"The regulations provide that the Appeals Council 'will' consider 'new' and 'material' evidence that relates to the period on or before the date of the ALJ hearing decision." *Guerra v. Saul*, No. 18-2646-cv, 2019 WL 4897032, at *2 (2d Cir. Oct. 4, 2019) (quoting 20 C.F.R. §§ 404.970(a)(5), 416.1470(b)). Where a claimant submits "additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision . . . the Appeals Council will "send . . . a notice that explains why it did not accept the additional evidence. . . ." *See* 20 C.F.R. § 416.1470(c).

In its decision denying Plaintiff's request for review, including her request that the Appeals Council consider additional evidence, the Appeals Council explained:

> We also looked at treatment records from Buffalo Spine and Sports Medicine, dated March 4, 2016, through April 25, 2016 (10 pages); a medical opinion from Linda Cole, R.P.A., dated May 18, 2016 (1 page); treatment notes from Olean General Hospital, dated May 17, 2016 (6 pages); treatment records from Dr. Ryan DenHaese, dated June 2, 2016 (2 pages), June 15, 2016 (10 pages), June 27, 2016 (5 pages), July 15, 2016 (1 page); and a prescription for a quad cane, dated September 2, 2016 (1 page).
>
> The Administrative Law Judge decided your case through February 11, 2016. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 11, 2016.
>
> If you want us to consider whether you were disabled after February 11, 2016, you need to apply again.

T. 2.

Plaintiff filed a new disability application on December 14, 2016. *See* Docket No. 13-2 at 2. The SSA found that Plaintiff was disabled beginning on December 14, 2016. *Id*. at 15.

Plaintiff argues that this subsequent determination of disability is "new and material" evidence, relevant to the ALJ's February 11, 2016 disability determination. Docket No. 13-1 at 20. Evidence submitted after an ALJ's unfavorable decision may be relevant to whether a plaintiff was previously disabled. *Tirado v. Bowen*, 705 F. Supp. 179 (S.D.N.Y. 1989). The claimant must show that the evidence is "(1) 'new' and not merely cumulative of what is already in the record, and that it is (2) material, that is both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently. Finally, claimant must show (3) good cause for her failure to present the evidence earlier." *Id*. (internal

-6-

quotations and citations omitted); *see also Geracitano v. Callahan*, 979 F. Supp. 952, 958 (W.D.N.Y. 1997) ("the plaintiff must show (1) that the proffered evidence is 'new' and not merely cumulative of what is already in the record, (2) that the evidence is material, *i.e.*, both relevant to the claimant's condition during the time period for which benefits were denied and probative, and (3) good cause for failing to present the evidence earlier.").

Plaintiff's favorable disability determination was decided on December 14, 2016, after the February 11, 2016 determination. It was not in existence at the time Plaintiff's prior disability claim was decided. Accordingly, Plaintiff can show good cause for not having submitted the evidence earlier.

A "subsequent favorable decision with an onset date the day after the earlier denial is new and material evidence justifying a remand of the first application." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 501 (S.D.N.Y. 2008). In *Mikol*, the Court remanded the case to the ALJ, where a subsequent decision by a new ALJ resulted in a finding of disabled. *Id*. at 504. The Court noted that "[t]he second ALJ decision, determining that plaintiff was disabled from August 4, 2004 sheds light on the seriousness of his condition at the time of the first ALJ's decision and is relevant to that time frame." *Id*. In other words, "if the subsequent [determination] references the initial time period formally adjudicated, the information is considered new and material." *Clemons v. Astrue*, No. 12-CV-269A, 2013 WL 4542730, at *6 (W.D.N.Y. Aug. 27, 2013); *see also Reyes v. Apfel*, No. 97 CIV. 5830 RWS, 2000 WL 709087, at *9 (S.D.N.Y.

June 2, 2000) (remanding where a subsequent favorable determination "casts considerable doubt on the conclusion of the first ALJ. . . .").

The evidence submitted in connection with Plaintiff's December 14, 2016 disability claim and supporting the SSA's favorable disability finding on that claim includes the following: Plaintiff had multiple back surgeries following a 2009 motor vehicle accident, including a recent surgery (a diagnostic L4-L5 and L5-S1 facet joint disease by diagnostic medial branch of the right L3, L4 and L5 medial branches under fluoroscopic guidance) on January 3, 2017; Plaintiff's treating physician assistant, Linda Cole ("PA Cole"), reported on January 13, 2017, that Plaintiff had difficulty standing for more than 10 minutes, sitting for more than 20-25 minutes, and walking for a limited time, and that she can carry 10-15 pounds; treatment by Dr. Ditonto, beginning in December 2016.

A lumbar MRI from March 4, 2016, less than one month after Plaintiff was denied disability benefits, and the September 2016 x-ray results along with the November 2016 records from Dr. Clark, and a February 2017 internal CE are material evidence relevant to the state of Plaintiff's condition on or before February 11, 2016. *See* Docket No. 13-2 at 13-14.

The Court has reviewed both the evidence submitted to the Appeals Council (T. 35-53), as well as the December 14, 2016 determination that Plaintiff is disabled (Docket No. 13-2 at 2-16). Much of the evidence supporting Plaintiff's December 14, 2016 disability claim is relevant to her condition prior to February 11, 2016. For example, the evidence supporting Plaintiff's December 14, 2016 disability claim includes information that Plaintiff was involved in a 2009 motor vehicle accident and that she underwent multiple surgeries following that accident. *See*

-8-

Docket No. 13-2 at 13; *Kaylor v. Berryhill*, No. 6:16-CV-00281(MAT), 2017 WL 4250052, at *2 (W.D.N.Y. Sept. 26, 2017) ("if the subsequent [determination] references the initial time period formally adjudicated, the information is considered new and material.") (internal quotations and citations omitted) (alteration in original).

Further, in finding Plaintiff to be disabled, the reviewer of Plaintiff's December 2016 disability claim relied on the opinion of PA Cole. *See* Docket No. 13-2 at 10 (giving "great weight" to January 2017 opinion of PA Cole because she was a "treating provider . . . whose opinion did appear consistent with medical records in file."); *id*. at 13 ("Ms. Cole also noted that the claimant has difficulty standing for more than 10 minutes, sitting for more than 20-25 minutes, and walking for a limited time. She can carry 10-15 pounds."). PA Cole consistently opined that Plaintiff was disabled, including during the time period on and before February 11, 2016. *See* T. 282, 301 (December 29, 2014 letter from PA Cole stating that Plaintiff "has a number of chronic medical problems so remains on disability and is unable to work at this time."); T. 305, 307 (July 6, 2015 letter from PA Cole stating that "[Plaintiff] remains disabled. She is under care of Buffalo Sport Spine plus Physical Therapy."); T. 489 (November 26, 2015 letter from PA Cole, stating that Plaintiff had two lower back surgeries due to her lower back pain, continues to experience back pain, uses a back brace and cane, is unable to do any activity for more than 30 minutes without having pain, and is "still disabled."); *see also* T. 45 (May 18, 2016 letter from PA Cole, stating that she saw Plaintiff for "*chronic diseases*", and that Plaintiff "*still* has difficulty doing [activities of daily living]" because these

activities hurt her back, cannot do any prolonged walking, sitting, or standing, uses a cane, and noting that Plaintiff has a "very detailed physical therapy report from *August of last year* stating what she can and cannot do.") (emphasis added).

Although the December 14, 2016 disability determination references a January 2017 report from PA Cole, there is no evidence of an intervening event that would have worsened Plaintiff's condition between the prior period of disability and that time. *See Kaylor*, 2017 WL 4250052, at *3 (remanding case where the Commissioner's determination that plaintiff was disabled as of December 30, 2014, one day after the ALJ determined that Plaintiff was not disabled, rested in part on report by doctor who had opined, since 2012, that the plaintiff had severe joint destruction and scarring, and there was no evidence that the plaintiff's condition had worsened between December 29, 2014, and December 30, 2014). In other words, PA Cole's January 2017 opinion relating to Plaintiff's functional limitations speaks to the prior period of disability.

Further, the favorable decision on Plaintiff's December 14, 2016 disability claim also rests in part on a lumbar MRI from March 4, 2016. *See* Docket No. 13-2 at 13-14 (explaining that a March 4, 2016 MRI "showed a L3/4 disc bulge, L4/5 small left lateral disc herniation/protrusion; mild narrowing left foraminal; annular tear. L5/S1 had hemilaminotomy and miscrodiscetomy; minor enhancing scar left foramen; small right lateral disc herniation/protrusion mildly narrowing the right foramen and compresses the right L5 root."). Plaintiff submitted the results from this MRI to the Appeals Council, but it was not considered because it was "new information . . . about a later time." *See* T. 2.

The March 4, 2016 MRI took place only days after the relevant period of disability, and was preceded by multiple imaging studies during the period of disability showing abnormalities in Plaintiff's lumbar spine. *See* T. 221-22, 246 (October 23, 2012 lumbar spine radiograph); T. 426-27 (November 12, 2013 lumbar spine MRI). Further, there is no evidence that Plaintiff's condition worsened, or any evidence of an intervening injury, between February 11, 2016, and March 4, 2016. In June 2016, Dr. DenHaese indicated that the results of the MRI supported Plaintiff's "*ongoing* back and leg pain," and recommended further surgery. *See* T. 52-53 (emphasis added). Therefore, the results of the MRI are clearly temporally related to and have bearing on Plaintiff's limitations on or before February 11, 2014. *See Mikol*, 554 F. Supp. 2d at 504 ("It is difficult to believe that on August 3, 2004 plaintiff was not disabled even though he had a history of pain and surgeries which supported a determination that on August 4, 2004 plaintiff was suddenly disabled.").

The Court observes that the mere existence of a subsequent award of benefits is not, in and of itself, new and material evidence warranting remand. *See generally, Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009) ("[T]he mere existence of the subsequent decision in [a claimant's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is *not itself* new and material evidence." (emphasis in original)). In this case, however, there is a great deal of overlap between Plaintiff's conditions and treatment underlying her first and second disability applications. Indeed, the second disability

determination and the evidence submitted to the Appeals Council suggest that Plaintiff's back condition was more severe than the ALJ determined.

In sum, the evidence supporting the December 14, 2016 disability determination speaks to Plaintiff's condition on or before February 11, 2016. As there is no evidence that Plaintiff's condition worsened or evidence of an intervening injury between February 11, 2016 and December 14, 2016, the Court is hard-pressed to find that Plaintiff suddenly became disabled on December 14, 2016, but was not disabled prior to that time, including on or before February 11, 2016. Accordingly, the December 14, 2016 determination is new and material evidence relevant to Plaintiff's condition on or before February 11, 2016. The new evidence assessed in connection with Plaintiff's December 14, 2016 disability claim supports remanding the case to the Commissioner.

**II. The Credibility Assessment**

Plaintiff also contends that the ALJ improperly assessed her credibility. Docket No. 13-1 at 24.

In assessing a claimant's subjective complaints of pain, the ALJ first must determine whether the claimant suffers from a "medically determinable impairment that could reasonably be expected to produce" the pain alleged. 20 C.F.R. § 416.929(b). "Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors v. Astrue*, 370 F. App'x 179, 183-84 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vii); *Taylor v. Barnhart*, 83 F. App'x 347, 350-51 (2d Cir. 2003)). When finding a

claimant not entirely credible, the ALJ's decision must "contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2. "While it is not sufficient for the [ALJ] to make a single, conclusory statement that the claimant is not credible or simply to recite the relevant factors, remand is not required where the evidence of record permits us to glean the rationale of an ALJ's decision." *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (internal quotations and citations omitted) (alteration in original).

The Court has reviewed the medical evidence and Plaintiff's testimony regarding the extent of her injuries. *See* T. 35-53, 54-78, 202-493. Plaintiff's complaints of back pain are substantiated by multiple imaging studies showing consistent abnormalities in her lumbar spine. *See* T. 35-36 (March 4, 2016 MRI of lumbar spine); T. 221-22, 246 (October 23, 2012 lumbar spine radiograph); T. 426-27 (November 12, 2013 lumbar spine MRI). Further, as noted above, Plaintiff's treating medical provider consistently opined that Plaintiff had significant functional limitations and was therefore unable to work. Accordingly, the Court finds Plaintiff's testimony regarding her back pain to be credible.

### III. **Remedy**

"Sentence four of Section 405(g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405(g)).

The standard for directing a remand for calculation of benefits is met when the record persuasively demonstrates the claimant's disability, *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980), and where there is no reason to conclude that the additional evidence might support the Commissioner's claim that the claimant is not disabled, *Butts*, 388 F.3d at 385-86.

After reviewing the entire record, the Court finds that it already has been developed fully for the relevant time period, particularly considering that Plaintiff continued supplementing her medical records following the February 11, 2016 disability determination. As noted above, there is no evidence in the record that Plaintiff's condition deteriorated following February 11, 2016, such that she suddenly became disabled in December 2016 after experiencing back pain since 2012. Further, as explained above, the evidence supporting the December 14, 2016 disability finding is temporally related to Plaintiff's condition on or before February 11, 2016. Based on the December 14, 2016 disability finding, coupled with the objective medical evidence in the record supporting Plaintiff's disability claim prior to February 11, 2016 (*see* Section II, *supra*), the Court finds that Plaintiff is entitled to disability benefits not only beginning on December 14, 2016, but also during the prior period of disability, *i.e.*, beginning on February 1, 2012, through February 11, 2016.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 13) is granted, and the Commissioner's motion for judgment on the pleadings (Docket No. 18) is denied. The final decision

of the Commissioner is reversed, and the case is remanded solely for the calculation and payment of benefits. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:   October 23 2019
         Rochester, New York